UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES WEST,

        Plaintiff,

v.                                      Case No:  2:15-cv-474-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## OPINION AND ORDER

Plaintiff James West appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability, Disability Insurance Benefits ("DIB") and supplemental security income ("SSI").   For the reasons discussed herein, the decision of the Commissioner is reversed, and this matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

### I.    Issue on Appeal[1]  and Summary of Decision

Plaintiff presents four issues on appeal:   (1) whether the Administrative Law Judge ("ALJ") developed a full and fair record in the hearing; (2) whether substantial evidence supports the ALJ's credibility determination, (3) whether the ALJ properly

---

[1]  Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."), *cited in Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013).

addressed whether Plaintiff met or equaled Listing 1.03, and (4) whether substantial evidence supports the testimony of the Vocational Expert ("VE") that Plaintiff can perform other work in the national economy.   Because the Court finds that the ALJ failed to properly develop the record by allowing Plaintiff to supplement the record to submit additional evidence during the relevant time period and having the Commissioner associate Plaintiff's prior claims file and consider relevant medical records therefrom, this Court cannot properly evaluate whether substantial evidence supports the ALJ's decision as to any issue presented by Plaintiff.   Accordingly, the case must be reversed and remanded to the Commissioner consistent with this opinion.

## II.    Procedural History and Summary of the ALJ's Decision

On November 30, 2010, Plaintiff filed applications for a period of disability and DIB[2] and for SSI alleging in both applications that he became disabled and unable to work on January 10, 2000 due to social anxiety disorder, manic depressive disorder, bipolar disorder, bilateral hip replacement, left shoulder reconstructive surgery, left knee constructive surgery, asthma and bronchitis.   Tr. 189-96, 244, 249.   The Social Security Administration ("SSA") denied his claims initially and upon reconsideration. Tr. 57-98, 101-106.   Plaintiff requested and received a hearing before ALJ Katie H. Pierce.   Tr. 28-56, 107-08.   Plaintiff testified at the hearing, along with his sister-

---

[2] Plaintiff was last insured for disability insurance benefits on March 31, 2008 (Tr. 202, 215, 218, 244). DIB may not be paid unless Plaintiff was disabled while he met the insured status requirements of 42 U.S.C. § 423(c). Thus, Plaintiff must establish disability prior to March 31, 2008, to establish entitlement to DIB.

in-law, Kathy Lynn West, [3] and VE Sue Berthun.    Tr. 28.    Plaintiff was not represented by an attorney.    *Id.*    The ALJ issued an unfavorable decision on December 20, 2013 as to both Plaintiff's applications.    Tr. 11-21.

The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2008.    Tr. 15.    At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 10, 2000, his alleged onset date.    *Id.*    At step two, the ALJ determined that Plaintiff had the following severe impairments: necrosis of the hips; status post bilateral hip replacement surgery; status post left knee replacement; status post gunshot wound to the left shoulder; status post fracture of the left tibia and fibula; major depressive disorder; and alcohol dependence.    Tr. 13.    At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."    Tr. 14.    Specifically, she stated she considered whether any of Plaintiff's physical impairments, either singly or in combination, meets or medically equals any of the listed impairments, and concluded they do not.    *Id.*    The ALJ did not specifically discuss any of the listings with respect to Plaintiff's physical impairments, only Listing 12.05 with respect to Plaintiff's mental impairments.    Tr.

---

[3] Although Ms. West was appointed as a non-attorney representative (Tr. 163), at the hearing the ALJ gave her the choice to appear as Plaintiff's representative or as his witness, and she chose the latter role so she could tell the ALJ "everything that's going on" with her brother-in-law.    Tr. 30-31.

14-16.   Taking into consideration the entire record, the ALJ determined that

Plaintiff has the Residual Functional Capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and
> 416.967(a) except the claimant is limited to work which will only require
> the claimant to: lift/carry 10 pounds; sit 6 hours during an 8-hour
> workday; stand/walk 2 hours during an 8-hour workday (after
> maintaining the standing/walking position for 1 continuous hour, the
> claimant would require a position change lasting 2 minutes before
> returning to the original position; the claimant can continue working
> through the position change); occasionally stoop; never kneel, crawl,
> crouch, or balance; occasionally climb ramps/stairs; never work at
> unprotected heights or dangerous machinery; never operate automotive
> equipment; never push/pull leg controls; occasionally push/pull arm
> controls; constantly handle, finger, and feel; understand and carry out
> detailed, but uninvolved, written or oral instructions involving a few
> concrete variables, in or from standardized situations; never have
> contact with the general public; occasionally have contact with
> supervisors and co-workers; occasionally adjust to changes in the work
> setting; make judgments on simple, work-related decisions; and attend
> and maintain concentration for up to 2 hours at a time.

Tr. 16-17.   The ALJ found that Plaintiff's medically determinable impairments

reasonably could be expected to cause the alleged symptoms, but his statements

concerning the intensity, persistence and limiting effects of the symptoms were not

credible for reasons explained in the decision.   Tr. 17.

After considering the VE's testimony, the ALJ then found that Plaintiff is

incapable of performing any of his past relevant work as an auto parts distributor

manager, which is performed at the light exertional level with an SVP[4] of 7; a door

---

[4] "The DOT lists a specific vocational preparation (SVP) time for each described
occupation. Using the skill level definitions in 20 CFR 404.1568 and 416.968, unskilled work
corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled
work corresponds to an SVP of 5-9 in the DOT."   SSR 00–4p, 2000 WL 1898704 at *3.

maker/trimmer, performed at the medium exertional level and an SVP of 6; or a convenience store retail manager or assistant manager for mobile home supplies, each which is performed at the light exertional level with an SVP of 7.   Tr. 20, 49. The ALJ stated that considering Plaintiff's "psychological limitations stated in the [RFC], the undersigned concluded [Plaintiff] would be unable to perform any of his past relevant work," as it involves skilled or semi-skilled occupations.   Tr. 20.   After considering the Plaintiff's age, education, work experience, RFC and the testimony of the VE, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "surveillance systems monitor (DOT Code 379.367-010) . . . assembler (DOT Code 559.687-034). . . and nut sorter (DOT Code 521.687-086). . . ."   Tr. 20-21.   Thus, the ALJ determined that Plaintiff is not disabled from January 10, 2000 through the date of the decision and denied his claim.   Tr. 11, 21.

Plaintiff requested review of the ALJ's decision, and the Appeals Council ("AC") denied Plaintiff's request for review on June 8, 2015.   Tr. 1-5.   Accordingly, the ALJ's decision is the final decision of the Commissioner.   Plaintiff filed an appeal in this Court on August 7, 2015.   Doc. 1.   Both parties have consented to the jurisdiction of the United States Magistrate Judge, and this matter is now ripe for review.   Docs. 14.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520; 416.920.   The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).   The Eleventh Circuit has noted that the Commissioner's burden at step five is temporary, because "[i]f the Commissioner presents evidence that other work exists in significant numbers in the national economy, 'to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists.'"   *Atha*, 616 F. App'x at 933 (citing *Doughty v. Apfel*, 245 F.3d 1274, 1278 n. 2 (11th Cir. 2001)).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158 (11th Cir. 2004).   The Commissioner's findings of fact are conclusive if supported by

substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

### A. *Whether the ALJ developed a full and fair record in the hearing*

It is well established that the ALJ has a duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Graham v. Apfel,* 129 F.3d 1420, 1422-23 (11th Cir. 1997) (the ALJ has an affirmative duty to develop the record fully and fairly).   The Supreme Court has held that "Social Security proceedings are inquisitorial rather than adversarial.   It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."   *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000).   "This obligation exists even if the claimant is represented by counsel, or has waived the right to representation." *Cowart v.*

*Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)).

A Social Security claimant has a statutory right to be represented by counsel at the hearing for an ALJ.   *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982); 42 U.S.C. Sec. 406.   This right can be waived.   *Id.*   When the right to representation has not been waived, however, the ALJ has a special duty to develop the record, as described by the Eleventh Circuit in *Brown v. Shalala*:

> When the right to representation has not been waived, however, the hearing examiner's obligation to develop a full and fair record rises to a special duty. This special duty requires, essentially, a record which shows that the claimant was not prejudiced by lack of counsel. In carrying out this duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Smith,* 677 F.2d at 829 (citations omitted). "Under this standard, we are not required to determine that the presence of counsel would necessarily have resulted in any specific benefits in the handling of the case before the ALJ." *Clark,* 652 F.2d at 404.   Nevertheless, there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record. *Kelley v. Heckler,* 761 F.2d 1538, 1540 (11th Cir.1985).

44 F.3d 931, 934-35 (11th Cir. 1995).   The Social Security regulations also address this obligation and the relevant time period:

> Before we make a determination that you are not disabled, we will develop your complete medical history *for at least the 12 months preceding the month in which you filed your application unless there is reason to believe that development of an earlier period is necessary.*

20 §§ C.F.R. 404.1512(d), 416.912(d) (emphasis added); *see also Smith v. Comm'r of Soc. Sec.*, 501 F. App'x 875, 878 (11th Cir. 2012) (noting '[t]he ALJ has a basic obligation to develop a full and fair record, and must develop the medical records for

the twelve months prior to the claimant's filing of her application for disability benefits"), citing *Ellison*, 355 F.3d at 1276.   The Eleventh Circuit has held that "[i]n evaluating the necessity for a remand, we are guided by 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice."   *Brown*, 44 F.3d at 935 (quoting *Smith*, 677 F.2d at 830 (internal citation and quotation marks omitted)).

Here, Plaintiff filed his applications for DIB and SSI on November 30, 2010. Tr. 189-96.   His date last insured was March 31, 2008.   Tr. 13.   Thus, to establish entitlement to DIB, as noted, Plaintiff must establish disability from the alleged onset date of January 10, 2000 through March 31, 2008.   See 42 § U.S.C. 423; Tr. 38.

At the start of the hearing, as noted, the ALJ asked Ms. West if she wanted to be a witness at the hearing or represent Plaintiff, noting she could only do one or the other:

> ALJ:      Well it's really your choice but with the way that it's set up for the way that I do it is you have to choose. You can either be a witness and testify or you can serve as a non-attorney representative where you're not allowed to testify but you can ask questions. Really it's whichever one you're more comfortable with. If you have information that you really want to give me you might prefer that I ask the questions rather than representing Mr. West. But it's certainly your decision.

> Ms. West:  That would be fine. Just so that you know, you know, I can tell you everything that's going on.

Tr. 31.   After that exchange, the ALJ discussed Plaintiff's right to counsel:

> ALJ:      Before I go any further into the hearing, Mr. West, I do want to advise you that you do have the right to an attorney or non-attorney representative. And I know that you have Ms. West with you and I believe she's going to serve as a witness through this hearing. So if you would like a continuance to get an attorney or a

non-attorney representative I certainly will be happy to grant that continuance.

Plaintiff:      No, ma'am, that's fine.

ALJ:            You do want to go forward today?

Plaintiff       Yes, ma'am.

ALJ:            So you do want to go forward today?

Plaintiff:      Yes, ma'am.

Tr. 33.   The ALJ also addressed the relevant time periods with respect to Plaintiff's claims for disability benefits and supplemental security income benefits:

ALJ:            You filed both for disability benefits and supplement[al] security income benefits. The disability benefits are those benefits that are for disabled workers.   With those benefits you have to have what we call insurance status. You have to have worked enough quarters in order to be insured, to be considered disabled.   Before you even get to the medical evidence that's the first consideration that you look at. And with [] regard to your application for disability benefits, I have that you said in the application that you became disabled back in January of 2000.   Now I also have, based on your earnings record, you were insured through March 31st of 2008.   So with regard to that application I'm only going to be looking at the medical evidence, or what your condition was before that time and as of that date.   And then with the supplemental security income claim that you filed, that's your needs based income.   That's based on your income and resources. That claim is not dependent on work activity of what you've done. So that is a continuing disability so I will look at your condition currently as well as the date that application was filed.   Does that make sense?   I can look at two different things with regard to your applications.

Plaintiff:      Right.   I understand what you said about until 2008, because that's when I was covered underneath my wife's insurance, my ex-wife.

ALJ:        Okay.   That's based on the earnings that you paid in your
            Social Security taxes.

Plaintiff:  Okay.

ALJ:        So that's where we have you insured through 2008 based
            on that, through March 31st. . . . .

Tr. 38-39.

Next, the ALJ noted that Plaintiff had filed a previous application in 2005, and

the following exchange ensued:

ALJ:        Really I'm going to be looking because you filed an
            application back in 2005.    So I'm going to be looking at from
            *June 2005* through March 31st of '08 to begin with. During
            that time period what in particular do you think would have
            kept you from being [able] to work?

Plaintiff:  I was just basically, I think, when I was my medication for
            my depression and stuff and all.

ALJ:        Okay.

Plaintiff:  And like I said, I just couldn't, I guess get myself get up and
            go or whatever.

Tr. 40 (emphasis added).

Plaintiff argues that the ALJ failed in her duty to develop the record, noting

there are some periods of time in which there are no medical records, suggesting gaps

in the evidence.    Doc. 18 at 11.    Plaintiff suggests that because he was not

represented by counsel, the ALJ had a heightened duty to determine if there were

additional records that were not submitted for time periods in which were evidentiary

gaps and to permit Plaintiff an opportunity to review the record prior to the hearing.

*Id.*   Plaintiff noted four such gaps:   (1) from the alleged onset date January 10, 2000

until January 12, 2007 (Tr. 422); (2) from December 2007 (Tr. 372) to June, 2008 (Tr. 385-405); (3) between October 2008 (Tr. 415) and April 2011 (Tr. 432) and (4) from June 18, 2013 (Tr. 679) through the date of the ALJ's decision on December 20, 2013 (Tr. 21).    *Id.*

The Commissioner responds that Plaintiff's contention is meritless, as some of the so-called gaps actually contained medical evidence that is in the record; and further, the record shows the Commissioner requested records from each of Plaintiff's listed providers.    Doc. 21 at 5-6.    Moreover, the Commissioner asserts the ALJ properly informed Plaintiff of his right to an attorney, and confirmed Plaintiff wished to go forward without one.    *Id.*

As noted, Plaintiff previously filed an application for DIB and SSI on January 28, 2005, which was denied on October 19, 2005.    Tr. 198-200.    The ALJ in this case was aware of the prior filing, as she discussed it in the hearing and it was part of the record before her, yet she stated she was going to consider Plaintiff's records from *June 2005* through the DLI.    Tr. 40, 198-200.    Medical records from Plaintiff's alleged onset date of January 10, 2000 through his DLI of March 31, 2008 certainly are relevant to the ALJ's consideration of Plaintiff's DLI claim, and yet only a scant two pages from 2005 or before were in the record.    Tr. 683-84.    Here, while Plaintiff submitted the two pages of evidence from 2005, he stated he was unable to re-submit all the evidence that was submitted in his 2005 case because it was not in his possession but rather in the possession of the Commissioner.    Doc. 24 at 5. Although this issue was not raised at the hearing below, upon reviewing the hearing

transcript, in relevant part set forth above, the Court agrees with Plaintiff that it was not entirely clear that Plaintiff understood what medical records were relevant to which of his claims.    His lack of representation by counsel compounds this issue.

An ALJ may properly rely upon evidence from prior Social Security applications.    *Leonard v. Astrue*, 487 F. Supp. 2d 1333, 1337 (M.D. Fla. 2007) (finding it was not error for the ALJ to consider the evidence from Plaintiff's prior application); *see* 20 C.F.R. §§ 404.900(b), 404.1520(a)(3) (stating that all evidence of record will be considered by the ALJ); *Naudain v. Apfel*, 119 F. Supp. 2d 812, 818 (C.D.Ill.2000) ("[A]n ALJ may properly rely upon evidence presented at a prior hearing in making his determination."); *see also Wolfe v. Chater,* 86 F.3d 1072, 1079 (11th Cir.1996) (finding the ALJ's review of conflicting testimony from two prior hearings appropriate); *Banks v. Barnhart,* 434 F. Supp. 2d 800, 808 (C.D.Cal.2006) (noting that the ALJ relied on vocational expert testimony from a prior hearing). Indeed, SSA internal guidance documents, the Commissioner's Hearings, Appeals and Litigation Law Manual ("HALLEX") and the Program Operations Manual System (POMS), support this proposition.    *See* HALLEX Section 1–2–6–584( "[i]f there was a prior ALJ decision, the ALJ must associate the prior ALJ decision with the current claim(s) file"); POMS DI 20505.010 (providing that the field office will associate any prior folder with the current claim or document the claim to identify prior claims activity when it is sent to the Disability Determination Services, and sometimes, it is necessary to have the prior folder in order to adjudicate a current claim).

Likewise, the Commissioner admits there is additional relevant medical evidence from 2013 identified by Plaintiff concerning his mental limitations that is not in the record.   Tr. 356, 359.   Plaintiff reports receiving medical treatment in October 2013 from Southeastern Alabama Medical Center yet there is no corresponding medical record.   Plaintiff's own report of this treatment described that the reason for this visit was he was hearing people and voices and not shutting down and sleeping.   Tr. 359.   Plaintiff was given medication to induce sleep.   *Id.* Although Plaintiff noted his alcohol level was high, he stated the problem was instead his bipolar condition and manic depressive disorder, which he noted run in the family. *Id.*   Because there were no treatment records of this hospital visit in the record, the ALJ did not consider it.

It is indisputable that the ALJ is required to consider "all relevant evidence of a claimant's remaining ability to do work despite his impairments," when determining a claimant's RFC. *See* 20 C.F.R. § 404.1545(a); *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir.1997).   Here, because the ALJ did not review potentially critical evidence during the relevant time frame, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence.[5]

## IV.   Conclusion

The record before the ALJ reveals evidentiary gaps, which may have resulted in unfairness or clear prejudice to Plaintiff.   *Brown,* 44 F.3d at 935.   The Court finds the ALJ had a duty to develop a full and fair record, particularly in light of

---

[5] In light of this conclusion, the Court does not address Plaintiff's other arguments.

Plaintiff's lack of representation, and in doing so permit Plaintiff to supplement the record with his prior records and require the Commissioner to associate the prior claims folder and consider the relevant medical records from Plaintiff's previous application.   The Court therefore concludes that remand is warranted.   On remand, Plaintiff shall be allowed to supplement the record before the ALJ accordingly.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      The decision of the Commissioner is **REVERSED,** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to:

a.      permit Plaintiff to supplement the record before the ALJ with the any additional medical records during the relevant time frame, and

b.      to have the ALJ associate the prior claims folder and consider the relevant medical records from Plaintiff's previous application; and

c.      make any further determinations consistent with this Opinion and Order, or in the interests of justice.

2.      The Clerk of Court is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of September, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record